FILED

**NOT FOR PUBLICATION**

JUN 20 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JING BAI,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-71272

Agency No. A089-689-455

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Jing Bai, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the Real ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on discrepancies regarding how Bai learned that family planning officials wanted him to be sterilized and how his wife's pregnancies were discovered.  *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (BIA not compelled to accept petitioner's explanations for inconsistencies).  In the absence of credible testimony, Bai's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Bai's CAT claim fails because it is based on the same testimony found not credible, and he does not point to any other evidence compelling the conclusion that it is more likely than not he would be tortured if returned to China. *See id.* at 1156-57.

In light of our conclusions, we do not address Bai's contentions regarding the merits of these claims.

**PETITION FOR REVIEW DENIED.**

11-71272